IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. ROBERTS, | * | |
| Plaintiff, | * | |
| v. | * | 3:11-CV-616-TMH |
| | | (WO) |
| SHERIFF JAY JONES, *et al.*, | * | |
| Defendants. | * | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 5, 2011, the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(g). Plaintiff filed objections to the Recommendation on August 10, 2011. Upon thorough review of this pleading, the court concludes that Plaintiff's objections are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contentions raised by Plaintiff in his objections.

In the August 5, 2011 Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action in accordance with the directives of 28 U.S.C. § 1915(g). Under 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."  As explained in the August 5th Recommendation, court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim, and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  *See* Doc. No. 3.

Upon review of Plaintiff's initial complaint, the court found that even construing all allegations in his favor, his claims in the complaint did not entitle him to avoid the bar of § 1915(g) because they did not allege nor in any way indicate that he was "under imminent danger of serious physical injury" at the time he filed the complaint as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).  Specifically, Plaintiff complained that he was subjected to excessive force during an arrest in June 2011, that medical personnel at the Lee County Detention Center failed to respond to injuries he sustained during the arrest and disregarded requests for medical care, that the June 14 arrest caused him to be subjected to an illegal search and seizure, malicious prosecution, and false imprisonment, that his character was defamed when a police officer referred to him as a pimp, and that the jail interfered with his legal mail.  *See* Doc. No. 1.

In his objections, Plaintiff now maintains that he is under imminent danger of serious physical injury.  He contends that the medical center at the Lee County Detention Center has "failed to address his numerous requests" and that "medical staff seems reluctant to treat [him]" because they don't want to deal with his serious medical needs relating to his being

tazed during his June 2011 arrest. Plaintiff further asserts that having suffered injuries from a previous automobile accident for which the social security administration declared him disabled, he "is in imminent danger of further serious physical injury if the cause of the symptoms is not addressed in a timely fashion." (Doc. No. 4.)

In assessing if a plaintiff is under imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). The court finds from its review of Plaintiff's complaint as well as his objections that the totality of his allegations do not suggest, much less establish, that he was under "imminent danger of serious physical injury" at the time he filed the complaint. Plaintiff does not provide any facts about a specific threat he is facing nor any details to show that the threat is imminent. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1999) (denying the "imminent danger of serious physical injury" exception because the "Amended Petition [wa]s largely a collection of vague and utterly conclusory assertions"). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Corr. Inst.,* 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (citing *Martin, supra,* and *White v. State of Colo.,* 157 F.3d at 1231 (internal quotations

omitted)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Such is not the case here as the threat of specific serious physical injury is not present nor is imminency of any such threat present. Plaintiff, therefore, has not overcome the § 1915(g) bar because he has not shown that he was under "imminent danger of serious physical injury" when he filed the present action. As Plaintiff has not met the § 1915(g) exception and he has not paid the $350.00 filing fee upon initiation of this suit, this case is due to be dismissed without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the August 5, 2011 Recommendation of the Magistrate Judge that this case be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g) for Plaintiff's failure to pay the full filing fee upon the initiation of this case (Doc. No. 3) be ADOPTED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 26, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE